**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **IMMERVISION, INC.** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No. _____ |
| | ) |
| **CBC CO., LTD., AND** | ) |
| **CBC (AMERICA) CORPORATION** | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

COMES NOW, plaintiff ImmerVision, Inc. ("ImmerVision"), by and through its undersigned counsel, and for its complaint against the defendants, CBC Co., Ltd. ("CBC Co.") and CBC (America) Corporation ("CBC America") (collectively referred to herein as "CBC Defendants"), avers as follows:

## NATURE OF THE ACTION

1. This is a civil action arising under the laws of the United States, specifically for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, §§ 1 *et seq*.

## THE PARTIES

2. Plaintiff ImmerVision, Inc. is a Canadian corporation, assigned Canadian Federal Corporation Number 6115187, having a principal place of business at 2020 University Road, Suite 2320, Montreal, Quebec H3A 2A5, Canada.

3. Upon information and belief, defendant CBC Co., Ltd. is a Japanese corporation having a principal place of business at 2-15-13 Tsukishima, Shuo-ku, Tokyo, Japan 104-0052.

4. Upon information and belief, defendant CBC (America) Corporation is a Delaware corporation, and wholly owned subsidiary of CBC Co., Ltd., having a principal place of business at 55 Mall Drive, Commack, New York 11725.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331-32 and 1338(a).

6. This Court has personal jurisdiction over the CBC Defendants at least because the CBC Defendants have substantial, continuing, and on-going contacts with this State and judicial district, and the CBC Defendants have and continue to sell into this State and judicial district the products at issue in this case. This Court also has personal jurisdiction over CBC America because CBC America is incorporated in the State of Delaware.

7. Venue is proper in this judicial district pursuant to Title 28, U.S.C. §§ 1391(b)-(d) and § 1400(b) in that acts of patent infringement and unfair competition are occurring within this judicial district, and CBC America is incorporated in the State of Delaware.

8. The CBC Defendants are in the business of manufacturing, selling, offering for sale, and importing lenses and closed circuit television products for the surveillance industry.

## FACTS

9. On November 12, 2003, Jean-Claude Artonne, Christophe Moustier, and Benjamin Blanc ("the Inventors"), filed U.S. Patent Application No. 10/706,513 ("the '513 application"). In March 2004, the Inventors assigned their interest in and to the '513 application and all divisionals, continuations, substitutes, renewals, reissues, and reexaminations thereof and

any patents that issued therefrom to ImmerVision, identified by ImmerVision's Canadian corporation number as "6115187 Canada, Inc.", and this assignment was recorded in the United States Patent and Trademark Office ("USPTO") on March 15, 2004 at Reel 015071, beginning at Frame 0574.

10. On January 18, 2005, the '513 application was issued by the USPTO as U.S. Patent No. 6,844,990 ("the '990 patent") assigned to ImmerVision, identified by ImmerVision's Canadian corporation number as "6115187 Canada, Inc." A copy of the '990 patent is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

11. The '990 patent is valid and enforceable. The term of the '990 patent will expire on or about May 10, 2022.

12. The '990 patent discloses and claims various novel and unique features relating to panoramic objective lenses and a method for capturing a digital panoramic image involving projection of a panorama onto an image sensor by means of a panoramic objective lens and displaying a corrected version of the captured image.

13. Plaintiff ImmerVision is the assignee of all right, title, and interest in and to the '990 patent and possesses all rights of recovery under the '990 patent, including the right to sue for infringement, recourse for damages, and to seek injunctive relief.

14. Beginning in November 2009, ImmerVision entered into preliminary discussions with CBC Co. to explore the possibility of having CBC Co. manufacture ImmerVision's newly designed panomorph lenses, as covered by the claims of ImmerVision's '990 patent.

15. On or about March 26, 2010, CBC Co. signed a confidentiality agreement with ImmerVision to prohibit the disclosure of any commercial, technical, and financial information

exchanged between the companies during discussions pertaining to CBC Co.'s possible manufacture of the panomorph lenses invented by ImmerVision.

16. Between execution of the confidentiality agreement in March 2010 and June 2012, ImmerVision disclosed a substantial amount of valuable and confidential information to CBC Co. pertaining to ImmerVision's patented panomorph lens and related methodology.

17. On or about June 14, 2012, CBC Co. informed ImmerVision that it was no longer interested in manufacturing ImmerVision's patented lens technology.

18. Upon information and belief, in or about 2012, the CBC Defendants began using, manufacturing, selling, offering for sale or importing panomorph lenses for incorporation in video surveillance cameras (hereinafter "Infringing Products") in the U.S., and continue to do so to this day.

19. On or about May 22, 2013, ImmerVision sent a cease and desist letter to CBC Co. A copy of ImmerVision's letter is attached hereto as Exhibit B. ImmerVision advised that it had received evidence that CBC Co. was manufacturing or selling a wide angle lens for 360° solutions to various camera manufacturers, such as Vivotek, that had identical or similar characteristics and specifications to ImmerVision's patented panomorph lens, and demanding that CBC Co. cease all manufacturing and commercializing of the infringing lenses.

20. On or about June 3, 2013, CBC Co. sent a reply letter to ImmerVision refuting ImmerVision's infringement contentions and refusing to cease manufacturing and commercializing the Infringing Products. A copy of CBC Co.'s letter is attached hereto as Exhibit C.

21. On information and belief, the CBC Defendants knew or should have known that the Infringing Products would be and are placed in the stream of U.S. commerce and actively offered for sale or sold to residents in the State of Delaware.

22. The Infringing Products entered into the stream of U.S. commerce by the CBC Defendants and offered for sale or sold to residents in the State of Delaware are known by the CBC Defendants not to have any substantial non-infringing uses.

23. The CBC Defendants have not sought, nor obtained, a license under the '990 patent and are not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '990 patent.

## COUNT I
## INFRINGEMENT OF THE '990 PATENT

24. Plaintiff realleges and incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. The '990 patent is presumed valid pursuant to 35 U.S.C. § 282.

26. Upon information and belief, the CBC Defendants have been and are currently engaged in acts which constitute contributory infringement of one or more claims of the '990 patent in the United States, including, but not limited to, within this judicial district, in violation of 35 U.S.C. § 271.

27. Upon information and belief, the Infringing Products were introduced into the marketplace by the CBC Defendants in or about 2012 knowing that those products constitute a material part of the inventions of the '990 patent and knowing those products to be especially made or adapted to infringe the '990 patent.

28. Upon information and belief, the CBC Defendants have been and are currently manufacturing, causing to be manufactured, using, offering for sale, selling or importing into the United States, including, but not limited to, within this judicial district, without license or authority, at least the Infringing Products, which are covered by one or more claims of the '990 patent, and which contribute to the infringement of one or more claims of the '990 patent by others, in violation of 35 U.S.C. § 271.

29. Upon information and belief, the CBC Defendants have willfully contributorily infringed and, upon information and belief, will continue to willfully contributorily infringe upon one or more of the claims of the '990 patent by the use, manufacture, offer for sale, sale, and/or importation of the Infringing Products unless this Court enjoins the CBC Defendants' infringing activities.

30. The contributory infringement by the CBC Defendants of one or more claims of the '990 patent has deprived plaintiff ImmerVision of revenues which it otherwise would have made or caused to be made, and has in other respects, injured plaintiff ImmerVision and will cause plaintiff ImmerVision irreparable injury and loss of revenues unless and until enjoined by this Court.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues appropriately triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff ImmerVision, Inc. prays for judgment in its favor and against defendants CBC Co., Ltd. and CBC (America) Corporation and requests that this Court:

  (a) enter a finding and a judgment in favor of plaintiff ImmerVision and against the CBC Defendants for patent infringement in an amount to be ascertained and in an amount adequate to compensate plaintiff ImmerVision for the CBC Defendants' infringement of one or more claims of the '990 patent, including, but not limited to, the CBC Defendants' profits, but in no event less than a reasonable royalty for the use made of the invention by the CBC Defendants together with prejudgment and post-judgment interest and costs as fixed by the Court, as provided by 35 U.S.C. § 284;

  (b) enter a preliminary and permanent injunction against further and continued infringement of the claims of the '990 patent by the CBC Defendants as provided by 35 U.S.C. § 283;

  (c) declare that this case is exceptional and award plaintiff ImmerVision its reasonable attorney fees as the prevailing party, as provided by 35 U.S.C. § 285; and

  (d) grant plaintiff ImmerVision such other and further relief as the Court may deem just and appropriate.

Dated: June 25, 2013

Respectfully submitted,

FARNAN LLP

/s/ Joseph J. Farnan, III
Joseph J. Farnan, III (#3945)
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
jjfarnan@farnanlaw.com

Of Counsel:

John D. Simmons
Frederick A. Tecce
Stephen E. Murray

PANITCH SCHWARZE BELISARIO & NADEL LLP
2005 Market Street, Suite 2200
Philadelphia, PA 19103
(215) 965-1330
(215) 965-1331 (Fax)
jsimmons@panitchlaw.com
ftecce@panitchlaw.com
smurray@panitchlaw.com

*Attorneys for Plaintiff ImmerVision, Inc.*